UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

PETER BASILE,

                                Plaintiff,                **COMPLAINT AND
                                                                                                DEMAND FOR JURY TRIAL**

                - against -

                                                      07 CV 1027 (GEL) (ECF CASE)

BOARD OF EDUCATION OF THE YONKERS CITY
SCHOOL DISTRICT
                            Defendant.

------------------------------------------------------------------ X

       Plaintiff, PETER BASILE, by his attorney JAMES R. SANDNER, ESQ. (MARIA ELENA GONZALEZ, of Counsel), complains of Defendant as follows:

## JURISDICTION

       1.       This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12101 *et seq*. This Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and its pendant jurisdiction are also invoked.

## PARTIES

       2.       Plaintiff is at all relevant times an employee of the Defendant, the Board of Education of the Yonkers City School District ("the District"). He resides at 199 Weskora Road, Yorktown Heights, New York 10598.

       3.       Defendant District is an entity created pursuant to New York State Education Law and is charged with providing education services to students within the jurisdiction of the

District. The District maintains its principal office at 1 Larkin Center in the City of Yonkers. It is an employer as that term is defined in the *Americans with Disabilities Act*, 42 U.S.C. § 12111(5)(A), the New York Human Rights Law, *N.Y. Executive Law* § 292(5), and the New York City Human Rights Law, *Administrative Code of the City of New York* § 8-102(5).

### FACTS RELEVANT TO ALL CLAIMS

4.      Plaintiff was first diagnosed with Multiple Sclerosis ("MS"), a chronic neurological disease that effects the central nervous system, in 1995. Plaintiff's symptoms of MS include fatigue, sensitivity to heat, humidity and direct sunlight, lower extremity weakness and difficulty ambulating. The fatigue, weakness, and sensitivity to heat caused by his MS substantially limits Plaintiff's ability to perform such major life activities as walking, performing manual tasks, standing, lifting, and caring for himself. Plaintiff walks with the assistance of a wheeled walker.

5.      Plaintiff has been employed by the District as a Library Media Specialist beginning on or around October 1999. Plaintiff performs his duties competently and has received satisfactory teacher evaluation ratings.

6.      Plaintiff is currently assigned to teach library-media classes on a full-time basis at Foxfire School, located at 1061 North Broadway in the City of Yonkers, two days per week; Yonkers Public School 21, located at 100 Lee Avenue in the City of Yonkers, for one day per week; and Yonkers Public School 22, located at 1408 Nepperhan Avenue in the City of Yonkers, for two days per week.

2

7.  The library in which Plaintiff works in Foxfire School is a converted greenhouse without air conditioning or shades to control the high temperatures the room is designed to trap. School directives at Foxfire prohibit Plaintiff from opening windows in the room which he is assigned. Because of this, the library where Plaintiff teaches becomes excessively hot whenever the sun is shining in through the greenhouse windows, even in the winter months. The excessive heat causes Plaintiff to become fatigued and further weakens his lower extremities.

8.  The libraries in Schools 21 and 22 where Plaintiff teaches do not have air conditioning or climate control and can get excessively hot in the warmer months. The heat exacerbates Plaintiff's MS symptoms.

9.  Beginning on or around September 2005, Plaintiff gave notice to the District that the excessive heat in his classrooms were exacerbating his MS symptoms by heightening his fatigue levels and weakness and requested accommodation from the District.

10. Since September 2005, the District has failed to reasonably accommodate Plaintiff's disability.

11. On or around January 30, 2006, the District approved an Employee/Teacher §504 Accommodation Plan ("§504 Accommodation Plan") pursuant to Section 504 of the *Rehabilitation Act of 1973*, 29 U.S.C. 794(a), which would accommodate Plaintiff's disability.

12. The District has not complied with, nor implemented the §504 Accommodation Plan. Specifically:

   a.  The District has not provided a barrier-free work environment for Plaintiff,

  b.  Plaintiff's classrooms have not been air conditioned, and

  c.  Special consideration has not been given Plaintiff's school assignments due to necessary accommodations.

13. Plaintiff continues to suffer from elevated fatigue and muscle weakness due to the lack of climate control in his classrooms.

14. Between the period of September 2005, and at all times thereafter, the District:

  a.  Refused to reasonably accommodate Plaintiff's disability in violation of the *Americans with Disabilities Act*, the *N.Y. Executive Law*, and the *New Administrative Code of the City of New York* by failing to provide air conditioning, shades, climate control, a barrier-free work environment in Plaintiff's classrooms, or transferring him to schools which can reasonably accommodate his disability without requiring him to waive his contractual rights.

  b.  Plaintiff continues to suffer unnecessarily without the accommodation the District agreed to provide in its §504 Accommodation Plan pursuant to §504 of the *Rehabilitation Act of 1973* over one year ago, despite both Plaintiff's and his union's numerous requests.

AS AND FOR A
FIRST CAUSE OF ACTION

15. By acting as aforedescribed the Defendant violated Plaintiff's rights under the *Americans with Disabilities Act*, 42 U.S.C. § 12101 *et seq.*

AS AND FOR A
SECOND CAUSE OF ACTION

16. By acting as aforedescribed the Defendant violated Plaintiff's rights under the New York Human Rights Law, *N.Y. Executive Law* §290 *et seq.*

AS AND FOR A
THIRD CAUSE OF ACTION

17. By acting as aforedescribed the Defendant violated Plaintiff's rights under the New York City Human Rights Law, *Administrative Code of the City of New York* §8-102.

AS AND FOR A
FOURTH CAUSE OF ACTION

18. By acting as aforedescribed the Defendant violated Plaintiff's rights under §504 of the *Rehabilitation Act of 1973*, 29 U.S.C. §794.

DAMAGES

19. The violation of Plaintiff's rights, as aforedescribed, was willful and/or was undertaken in reckless disregard of his rights, entitling Plaintiff to an award of punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant:

1. To comply with previously agreed upon §504 Accommodation Plan, including:

    a.    Installing air conditioning units in each of the classrooms Plaintiff teaches at Foxfire School, School 21, and School 22.

    b.    Installing shades on the greenhouse windows of Foxfire School's library.

    c.    Provide Plaintiff with a barrier-free work environment at Foxfire School, School 21, and School 22.

2. For punitive damages.

3. For the litigation expenses and costs incurred in the presentation of this action and for reasonable attorneys' fees.

### JURY DEMAND

Plaintiff demands a jury trial on all claims.

Dated: February 13, 2007

                                  JAMES R. SANDNER, ESQ. (JS-0360)
                                  Attorney for Plaintiff
                                  New York State United Teachers
                                  Office of General Counsel
                                  52 Broadway, 9th Floor
                                  New York, New York 10004
                                  (212) 533-6300

By: _____
       Maria Elena Gonzalez, Esq. (MG-3895)
       Of Counsel